**FILED**

**MARCH 26, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1766**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH WEBB, )<br><br>Plaintiff, )<br><br>v. )<br><br>LOGIX TRANSPORTATION, INC., a )<br>Corporation, BERGER TRANSFER & )<br>STORAGE, INC., a corporation, and )<br>GARY DRESSER, )<br><br>Defendants. ) | No.:<br><br><br><br>**J. N.**   **JUDGE ANDERSEN**<br>**MAGISTRATE JUDGE COLE** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendants, LOGIX TRANSPORTATION, INC., a Corporation, BERGER TRANSFER & STORAGE, INC., a corporation and GARY DRESSER, hereby remove the above-captioned matter from the Circuit Court of Cook County, Illinois to this Court. In support of this removal, Defendants state as follows:

### The Removed Case

1.      The underlying case was filed on or about January 22, 2008, in the Circuit Court of Cook County, Illinois, captioned *Joseph Webb v. Logix Transportation, Inc., a Corporation, Berger Transfer & Storage, Inc., a corporation, and Gary Dresser*, Docket No. 2008 L 000686.

2.      As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit A, all copies of process, pleadings and orders served upon the Defendants in the removed case.

**Removal is Timely**

3.      The Summons and Complaint were served on January 22, 2008.  However, at the time the initial pleading, this action was not removable.   However, on March 17, 2008, Defendants received Plaintiff's Response to Defendants' Response to Request to Admit.  At that time, it was first ascertained that this case is one that is removable based on the amount in controversy.   This Notice of Removal was then filed within thirty (30) days of receipt of information indicating that this action is removable, and it is therefore timely pursuant to 28 U.S.C. § 1446(b).

**Venue is Proper in This Court**

4.      This Court is the United States District Court for the district and division in which the state court action referenced in paragraph 1 above is pending, which makes this Court the appropriate place for filing this Notice of Removal pursuant to U.S.C. §§ 1446(a).

**Diversity of Citizenship Exists**

5.      This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6.      Upon information and belief, Plaintiff, Joseph Webb, was at the time of the filing of this action, a citizen of the State of Illinois. See <u>Exhibit B</u>, Plaintiff's Response to Request to Admit No. 3 wherein Plaintiff admits in a sworn pleading that he is a citizen of the State of Illinois.

7.      Defendants Logix Transportation, Inc., Berger Transfer & Storage, Inc. and Gary Dresser are not citizens of Illinois.  Defendant, Logix Transportation is, and at the time of the filing of this action was, incorporated in Minnesota with its principal place of business in St.

951012-1

Paul, Minnesota. See <u>Exhibit C</u>, Affidavit of Diane Anderson. Defendant, Berger Transfer & Storage, Inc. is, and at the time of the filing of this action was, incorporated in Minnesota with its principal place of business in St. Paul, Minnesota. See <u>Exhibit C</u>. Defendant, Gary Dresser, is, and at the time of the filing of this action, a citizen of Minnesota, residing in McGrath, Minnesota.

8.    Because the Plaintiff is a citizen of Illinois and the Defendants are not, complete diversity of citizenship exists under 28 U.S.C. § 1332. Accordingly, the District Court has original jurisdiction pursuant to 28 U.S.C. § 1322.

### The Amount in Controversy Has Been Satisfied

9.    The monetary value of the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.    Plaintiff seeks damages arising from injuries sustained as a result of the motor vehicle accident that occurred on July 13, 2007. See <u>Exhibit D</u>, Complaint, ¶ 1. Plaintiff alleges that the motorcycle that he was operating was involved in a collision with a semi-tractor trailer being operated by Gary Dresser. See <u>Exhibit D</u>, ¶ 8; <u>Exhibit E</u>, a photograph of the vehicles involved in the collision shortly after impact. Based on the police report that was furnished as a result of this accident, it appears that the Plaintiff was taken by ambulance from the scene of the accident to a medical facility. See <u>Exhibit F</u>. As a result of the collision, Plaintiff claims that he sustained injuries of a personal and pecuniary nature. See <u>Exhibit D</u>, ¶ 3.

11.    In addition, on March 7, 2008, counsel for the Defendants had a telephone conversation with Plaintiff's counsel. See <u>Exhibit G</u>, Affidavit of Counsel. During that conversation, Plaintiff's counsel stated that the injuries Plaintiff's sustained from this accident

951012-1

required ankle surgery and that his client was still suffering injuries as a result of this incident. See Exhibit G.

12.     Plaintiff also responded to Defendants' Requests to Admit on March 14, 2008 wherein he admits in a sworn pleading that he is seeking damages in an amount greater than $75,000.00, exclusive of interests and costs.  See Exhibit B.

13.     Based on the face of the Complaint, the Police Report, representations from Plaintiff's counsel and the Plaintiff's own sworn pleading, there is a "reasonable probability" that Plaintiff seeks damages in excess of $75,000 and the amount of controversy is more than $75,000, exclusive of interests and costs.  *Shaw v. Dow Brands*, 994 F.2d 364, 366 n.2 (7th Cir. 1993).  A common-sense reading of the these documents demonstrates that the injury alleged is severe and resulted in surgery.

14.     Based on the totality of these factors, Defendants have a good faith belief that the amount in controversy meets the jurisdictional requirement.

### Filing of Removal Papers

15.     Pursuant to 28 U.S.C. § 1446(d), simultaneously with removing this action to this Court, the Defendant is providing written notice of removal to the Plaintiff's counsel, and filing a Notice of Filing of Notice of Removal with the Circuit Court of Cook County, Illinois.  A true and correct copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit H.

Respectfully submitted,
SEGAL MCCAMBRIDGE SINGER & MAHONEY

By: /s/ Misty R. Martin
One of the Attorneys for Defendant
Misty R. Martin, Esq.
233 South Wacker Drive, Suite 5500
Chicago, Illinois  60606
312.645.7800

951012-1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that she caused a true and correct copy of Defendants' Notice of Removal to be served upon all parties of record via U.S. Mail and upon this Court via the Court's electronic filing system on this 26th day of March, 2008.

<u>/s/ Misty R. Martin</u>
Misty R. Martin

951012-1

**08 C 1766**

CCG-14

#02329   1/7/2008   RJB\tlb

2007N-0263

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOSEPH WEBB,

      Plaintiff,

      v.

LOGIX TRANSPORTATION, INC., a corporation,
BERGER TRANSFER & STORAGE, INC., a
corporation, and GARY DRESSER,

      Defendants.

No. _____

2008L000686
CALENDAR/ROOM E
TIME 00:00
PI Motor Vehicle

**PLEASE SERVE:**

Logix Transportation, Inc., a corporation
c/o its registered agent or employee
2950 Long Lake Road, St. Paul, MN 55113

JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

COPY

### SUMMONS

To each defendant:

      YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room * 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

JAN 2 4 2008

WITNESS,_____, 2008

**DOROTHY BROWN, Clerk of Court**

Date of service:_____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

| | |
|---|---|
| Name: | Robert J. Bingle/Corboy & Demetrio, P.C. |
| Attorney for: | Plaintiff(s) |
| Address: | 33 North Dearborn Street, 20th Floor |
| City: | Chicago, Illinois 60602 |
| Telephone: | (312) 346-3191 |
| Atty. No.: | 02329 |

(SEAL)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

**EXHIBIT**
tabbies
_A_

Comp. Entered: _____
Docketing Entered: _____

#2329   RJB\tlb   12/28/2007                                    2007N-0263

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

JOSEPH WEBB,

    Plaintiff,

    v.

LOGIX TRANSPORTATION, INC., a
corporation, BERGER TRANSFER &
STORAGE, INC., a corporation, and GARY
DRESSER,

    Defendants.

No.

2008L000686
CALENDAR/ROOM E
TIME 00:00
PI Motor Vehicle

Plaintiff Demands Trial By Jury

### COMPLAINT AT LAW

Plaintiff, JOSEPH WEBB, through his attorneys, CORBOY & DEMETRIO, complaining

of defendants, LOGIX TRANSPORTATION, INC., a corporation, BERGER TRANSFER &

STORAGE, INC., a corporation, and GARY DRESSER, and each of them, states:

    1.    On July 13, 2007, Route 53 was a highway running in a north/south direction and

Army Trail Road was a highway running in an east/west direction and these two highways

intersected in Addison, DuPage County, Illinois.

    2.    At that time and place, JOSEPH WEBB was operating a 1998 Harley Sportster

motorcycle and was stopped at the red light for northbound Route 53 traffic in the lane closest to

the median.

    3.    At that time and place, the light turned green for Route 53 northbound traffic and

JOSEPH WEBB proceeded northbound.

    4.    At that time and place, GARY DRESSER was the agent and employee of LOGIX

TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, and was operating a 2000 Kenworth T2000 semi-tractor trailer in a northbound direction on Route 53.

5.    At that time and place, the Kenworth T2000 semi-tractor trailer being driven by GARY DRESSER was owned, maintained and controlled by LOGIX TRANSPORTATION, INC., a corporation.

6.    At that time and place, the Kenworth T2000 semi-tractor trailer being driven by GARY DRESSER was owned, maintained and controlled by BERGER TRANSFER & STORAGE, INC., a corporation.

7.    At that time and place, GARY DRESSER, as the agent and employee of LOGIX TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, executed a U-turn crossing over both northbound lanes of Route 53 traffic immediately in front of JOSEPH WEBB.

8.    At that time and place, a collision occurred between the motorcycle driven by JOSEPH WEBB and the semi-tractor trailer being operated by GARY DRESSER.

9.    At that time and place, GARY DRESSER, Individually, and as the agent and employee of LOGIX TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, was negligent in one of the following ways:

   a.    Operated his motor vehicle without keeping a proper and sufficient lookout;

   b.    Executed an illegal U-turn; and,

   c.    Drove his motor vehicle the wrong way around traffic island.

2

10. As a proximate result of one or more of the aforesaid acts or omissions, JOSEPH WEBB sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, JOSEPH WEBB, demands judgment against defendants, LOGIX TRANSPORTATION, INC., a corporation, BERGER TRANSFER & STORAGE, INC., a corporation, and GARY DRESSER, and each of them, for a sum in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

_____
Robert J. Bingle

Robert J. Bingle
Corboy & Demetrio, P.C.
Attorney for Plaintiff(s)
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. No. 2329

3

**08 C 1766**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE COLE**

JOSEPH WEBB,

      Plaintiff,

         v.

LOGIX TRANSPORTATION, INC., a
corporation, BERGER TRANSFER &
STORAGE, INC., a corporation, and GARY
DRESSER,

      Defendants.

No.    08 L 000686

### PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST TO ADMIT

Plaintiff, JOSEPH WEBB, through his attorneys, CORBOY & DEMETRIO, in response

to defendants, LOGIX TRANSPORTATION, INC., a corporation, BERGER TRANSFER &

STORAGE, INC., a corporation and GARY DRESSER, Request to Admit states:

1.    Plaintiff is seeking damages in an amount greater than $75,000.00 exclusive of
interests or costs.

ANSWER:    Admit.

2.    The amount in controversy exceeds the sum or value of $75,000.00, exclusive of
interest or costs.

ANSWER:    Admit.

3.    Plaintiff, Joseph Webb, is a citizen of the State of Illinois.

ANSWER:    Admit.

_____
JOSEPH WEBB

CORBOY & DEMETRIO
Attorneys for Plaintiff
33 North Dearborn Street
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. #2329

**EXHIBIT**
*B*

#2329    RJB\db                                                                    2008S-0263

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOSEPH WEBB,                          )
                                      )
    Plaintiff,                     )
                                      )
        v.                     )          No.    08 L 000686
                                      )
LOGIX TRANSPORTATION, INC., a         )
corporation, BERGER TRANSFER &        )
STORAGE, INC., a corporation, and     )
GARY DRESSER,                         )
                                      )
    Defendants.                    )

### 1-109 CERTIFICATION

The undersigned, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), certifies that the statements set forth in the above Plaintiff's Response to Defendant's Request to Admit are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she believes the same to be true.

_____
JOSEPH WEBB

SUBSCRIBED and SWORN to before me
this _12_ day of _March_, 2008.

_____
NOTARY PUBLIC

Commission Expires
12/22/2008

Robert J. Bingle, Esq.
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiffs
33 North Dearborn Street
21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. No. 02329

08 C 1766

#2329   RJB\tb   12/28/2007                                                    2007N-0263

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOSEPH WEBB,

     Plaintiff,

     v.                                            No.

LOGIX TRANSPORTATION, INC., a
corporation, BERGER TRANSFER &
STORAGE, INC., a corporation, and GARY
DRESSER,

     Defendants.

2008L000686
CALENDAR/ROOM E
TIME 00:00
PI Motor Vehicle

JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

Plaintiff Demands Trial By Jury

### COMPLAINT AT LAW

Plaintiff, JOSEPH WEBB, through his attorneys, CORBOY & DEMETRIO, complaining of defendants, LOGIX TRANSPORTATION, INC., a corporation, BERGER TRANSFER & STORAGE, INC., a corporation, and GARY DRESSER, and each of them, states:

1.     On July 13, 2007, Route 53 was a highway running in a north/south direction and Army Trail Road was a highway running in an east/west direction and these two highways intersected in Addison, DuPage County, Illinois.

2.     At that time and place, JOSEPH WEBB was operating a 1998 Harley Sportster motorcycle and was stopped at the red light for northbound Route 53 traffic in the lane closest to the median.

3.     At that time and place, the light turned green for Route 53 northbound traffic and JOSEPH WEBB proceeded northbound.

4.     At that time and place, GARY DRESSER was the agent and employee of LOGIX



**EXHIBIT**
C

TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, and was operating a 2000 Kenworth T2000 semi-tractor trailer in a northbound direction on Route 53.

5.      At that time and place, the Kenworth T2000 semi-tractor trailer being driven by GARY DRESSER was owned, maintained and controlled by LOGIX TRANSPORTATION, INC., a corporation.

6.      At that time and place, the Kenworth T2000 semi-tractor trailer being driven by GARY DRESSER was owned, maintained and controlled by BERGER TRANSFER & STORAGE, INC., a corporation.

7.      At that time and place, GARY DRESSER, as the agent and employee of LOGIX TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, executed a U-turn crossing over both northbound lanes of Route 53 traffic immediately in front of JOSEPH WEBB.

8.      At that time and place, a collision occurred between the motorcycle driven by JOSEPH WEBB and the semi-tractor trailer being operated by GARY DRESSER.

9.      At that time and place, GARY DRESSER, Individually, and as the agent and employee of LOGIX TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, was negligent in one of the following ways:

      a.      Operated his motor vehicle without keeping a proper and sufficient lookout;

      b.      Executed an illegal U-turn; and,

      c.      Drove his motor vehicle the wrong way around traffic island.

10.    As a proximate result of one or more of the aforesaid acts or omissions, JOSEPH

WEBB sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, JOSEPH WEBB, demands judgment against defendants,

LOGIX TRANSPORTATION, INC., a corporation, BERGER TRANSFER & STORAGE, INC.,

a corporation, and GARY DRESSER, and each of them, for a sum in excess of the jurisdictional

limits of the Law Division of the Circuit Court of Cook County, Illinois.

_____
                    Robert J. Bingle

Robert J. Bingle
Corboy & Demetrio, P.C.
Attorney for Plaintiff(s)
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. No. 2329

3

JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

08 C 1766





EXHIBIT

D



08 C 1766

EXHIBIT E

JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

ILLINOIS TRAFFIC CRASH REPORT

REMEMBER TO USE BLACK INK, PRESS HARD, PRINT LEGIBLY AND COMPLETE ALL REQUIRED FIELDS

**8025463**

**A Diagram and Narrative are required on all Type B crashes, even if units have been moved prior to the officer's arrival.**

INDICATE NORTH BY ARROW



R
O
U
T
E
5
3

Not to Scale

Traffic Control Device

Army Trail Blvd

**NARRATIVE (Refer to vehicle by Unit No.)**

Unit 1 stated he was traveling N/B on
Route 53 in the right hand lane. the
then attempted to make a U-turn
over the median when he was hit by
Unit 2.

Unit 2 stated Unit 1 had his emergency hazard
lights on in the right lane. Unit 2
went in the left lane to pass Unit 1
when Unit 1 pulled out in front of
him to make a U-turn.

LOCAL USE ONLY

U1 Case  Triple
U1 Towed by To:  N/A

U2 Color  Black
Bloomingdale Towing

## COMMERCIAL MOTOR VEHICLE (CMV)

IF MORE THAN ONE CMV IS INVOLVED, USE SR-1080A ADDITIONAL UNITS FORMS.

A CMV is defined as any motor vehicle used to transport passengers or property and:

1. Has a weight rating of more than 10,000 pounds (example: truck or truck/trailer combination); or
2. Is used or designed to transport more than 15 passengers, including the driver (example: shuttle or charter bus); or
3. Is designed to carry 15 or fewer passengers and operated by a contract carrier transporting employees in the course of their employment (example: employee transporter - usually a van-type vehicle or passenger car); or
4. Is used or designed to transport between 9 and 15 passengers, including the driver, for direct compensation beyond 75 air miles from the driver's work reporting location (example: large van used for specific purposes); or
5. Is any vehicle used to transport any hazardous material (HAZMAT) that requires placarding (example: placards will be displayed on the vehicle).

CARRIER NAME  Gary W Dresser

ADDRESS  17110 State Hwy 65

CITY/STATE/ZIP  McGrath, MN 56350

USDOT NO.  959909    ILCC NO.

Source of above info.  □ Side of Truck  □ Papers  ☒ Driver  □ Log Book

Gross Vehicle Weight Rating (GVWR)  80000

Were HAZMAT placards displayed on the vehicle?  □ Yes  ☒ No

If yes, name on placard ___

4-digit UN no. ___    I-digit Hazard Class no. ___

Did HAZMAT spill from the vehicle (do not consider fuel from the vehicle's own tank)?  □ Yes  ☒ No  □ Unknown

Did HAZMAT Regulations violation contribute to the crash?  □ Yes  ☒ No  □ Unknown

Did Motor Carrier Safety Regulations (MCS) violation contribute to the crash?  □ Yes  ☒ No  □ Unknown

Was a Driver/Vehicle Examination Report form completed?
HAZMAT  □ Yes  ☒ No  □ Unk    Out of Service?  □ Yes  □ No
MCS  □ Yes  ☒ No  □ Unk    Out of Service?  □ Yes  □ No
Form No. ___

IDOT PERMIT NO.  N/A    WIDE LOAD?  □ Yes  ☒ No
TRAILER WIDTH(S):  0-96" □    97-102" □    >102" □
    TRAILER 1 □
    TRAILER 2 □
TRAILER LENGTH(S): 1  53 ft    TRAILER 2 ___ ft
TOTAL VEHICLE LENGTH  68 ft    NO. OF AXLES  5
CRASH LOCATION:  ☒ CITY OF  OR  □ NEAREST CITY
    ___ MILES  N E S W  OR  Bloomingdale
SELECT CODES FROM BACK COVER OF CRASH BOOKLET:
VEHICLE CONFIGURATION  6
CARGO BODY TYPE  1    LOAD TYPE ___

**08 C 1766**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE COLE**

| | | |
|---|---|---|
| JOSEPH WEBB, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.: |
| | ) | |
| LOGIX TRANSPORTATION, INC., a | ) | |
| Corporation, BERGER TRANSFER & | ) | |
| STORAGE, INC., a corporation, and | ) | |
| GARY DRESSER, | ) | |
|     Defendants. | ) | |

## AFFIDAVIT OF MISTY R. MARTIN, ESQ.

I, Misty R. Martin, under oath depose and state that if called to testify I shall testify to the facts stated herein based on my personal knowledge:

1.    I am an attorney representing the Defendants, Logix Transportation, Inc., Berger Transfer & Storage, Inc. and Gary Dresser.

2.    On March 7, 2008, I had a telephone conversation with Plaintiff's counsel. During that conversation, Plaintiff's counsel stated that the injuries Plaintiff's sustained from this accident required ankle surgery and that his client was still suffering injuries as a result of this incident. Plaintiff's counsel further stated that he would be seeking recovery on behalf of the Plaintiff in excessive of $75,000.00 exclusive of interests and costs.

_____
Misty R. Martin

Subscribed and sworn to before
me this _26th_ day of March, 2008. _____

_____
Notary Public

OFFICIAL SEAL
TERI M GRECO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/29/11

**EXHIBIT**

tabbies

F

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE COLE**

| | | |
|---|---|---|
| JOSEPH WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2008 L 000686 |
| | ) | |
| LOGIX TRANSPORTATION, INC., a | ) | |
| Corporation, BERGER TRANSFER & | ) | |
| STORAGE, INC., a corporation, and | ) | |
| GARY DRESSER, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DIANE ANDERSON

I, Diane Anderson, under oath depose and state that if called to testify I shall testify to the facts stated herein based on my personal knowledge:

1.    I am currently employed by Berger Transfer & Storage, Inc. ("Berger Transfer") as the Director of Safety. I have been employed by Berger Transfer for approximately ten years.

2.    I am also currently the Director of Safety for Logix Transportation, Inc. and have been its Director of Safety for four and half years.

3. As the Director of Safety for Logix Transportation and Berger Transfer, I am knowledgeable about the nature of each company's business, corporate history and structure.

4.    Logix Transportation and Berger Transfer are not citizens of Illinois. Logix Transportation and Beger Transfer are incorporated in Minnesota with their principal place of business in St. Paul, Minnesota.

*Diane Anderson*

Diane Anderson
Director of Safety
Berger Transfer & Storage, Inc.

Subscribed and sworn to before
me this __26__ day of March, 2008.

*Judith J. Nelson*
Notary Public

929630-1

JUDITH J. NELSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2012

**EXHIBIT**

G

**08 C 1766**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE COLE**

| | | |
|---|---|---|
| JOSEPH WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  2008 L 000686 |
| | ) | |
| LOGIX TRANSPORTATION, INC., a | ) | |
| Corporation, BERGER TRANSFER & | ) | |
| STORAGE, INC., a corporation, and | ) | |
| GARY DRESSER, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING REMOVAL
### TO THE UNITED STATES DISTRICT COURT

**TO:**   Robert J. Bingle
Corboy & Demetrio, P.C.
33 North Dearborn Street, 20th Floor
Chicago, IL 60602

PLEASE TAKE NOTICE THAT ON THIS ___ day of March, 2008, Defendants LOGIX

TRANSPORTATION, INC., a Corporation, BERGER TRANSFER & STORAGE, INC., a

corporation and GARY DRESSER, removed this action by filing a **NOTICE OF REMOVAL**

with the Clerk of the United States District Court for the Northern District of Illinois, a copy of

which is hereby served upon you.

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

One of the Attorneys for Defendants,
LOGIX   TRANSPORTATION,   INC.,   a   Corporation,
BERGER TRANSFER & STORAGE, INC., a corporation
and GARY DRESSER

954003-1

**EXHIBIT**

H

Kathleen McDonough, Esq.  ARDC No. 6229813
Misty R. Martin, Esq.   ARDC No.  6284999
Segal, McCambridge Singer & Mahoney, Ltd.
Sears Tower, 233 S Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

## PROOF OF SERVICE BY MAIL

I, the undersigned, being first duly sworn on oath, depose and state that a copy(ies) of the above-mentioned pleading(s) was/were served on the party(ies) as above-addressed, by enclosing a copy(ies) of the same in an envelope, sealed, postage prepaid and deposited in the U.S. Mail at Sears Tower, 233 S. Wacker Dr., Suite 5500, Chicago, IL 60606, and all other counsel of record, *via E-Filing,* on this _____ day of March, 2008.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109,
I certify that the statements set forth are true and correct.

954003-1