UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 08 C 1766 |
| | ) |
| LOGIX TRANSPORTATION, INC., a Corporation, BERGER TRANSFER & STORAGE, INC., a corporation, and GARY DRESSER, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COME Defendants, LOGIX TRANSPORATION, INC., a Corporation, BERGER TRANSFER & STORAGE, INC., a corporation, and GARY DRESSER, by and through their attorneys, Segal McCambridge Singer & Mahoney, and for their Answer to Plaintiff, JOSEPH WEBB's Complaint at Law, states as follows:

1.   On July 13, 2007, Route 53 was a highway running in a north/south direction and Army Trail Road was a highway running in an east/west direction and these two highways intersected in Addison, DuPage County, Illinois.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.   At that time and place, JOSEPH WEBB was operating a 1998 Harley Sportster motorcycle and was stopped at the red light for northbound Route 53 traffic in the lane closest to the median.

**ANSWER:**

Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.  At that time and place, the light turned green for Route 53 northbound traffic and JOSEPH WEBB proceeded northbound.

**ANSWER:**

Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.  At that time and place, GARY DRESSER was the agent and employee of LOGIX TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, was operating a 2000 Kenworth T2000 semi-tractor trailer in a northbound direction on Route 53.

**ANSWER:**

Defendants deny that Gary Dresser was an agent or employee of Logix Transportation, Inc. Defendants deny that Gary Dresser was an agent or employee of Berger Transfer & Storage, Inc.. Defendants admit that Gary Dresser was operating at 2000 Kenworth T2000 semi-tractor in a northbound direction on Route 53. Defendants deny that Logix Transportation, Inc. and Berger Transfer & Storage, Inc. were operating a 2000 Kenwoth T2000 semi-tractor in a northbound direction on Route 53.

5.  At that time and place, the Kenworth T2000 semi-tractor trailer being driven by GARY DRESSER was owned, maintained and controlled by LOGIX TRANSPORTATION, INC., a corporation.

**ANSWER:**

Defendants deny that the Kenworth T2000 semi-tractor being drive by Gary Dresser was owned, maintained and controlled by Logix Transportation, Inc. Defendants admit that the trailer being driver by Gary Dresser was owned, maintained and controlled by Logix Transportation, Inc.

6. At that time and place, the Kenworth T2000 semi-tractor trailer being driven by GARY DRESSER was owned, maintained and controlled by BERGER TRANSFER & STORAGE, INC., a corporation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. At that time and place, GARY DRESSER, as the agent and employee of LOGIX TRANSPORATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, executed a U-turn crossing over both northbound lanes of Route 53 traffic immediately in front of JOSEPH WEBB.

**ANSWER:**

Defendants admit that Gary Dresser executed a U-turn crossing over both northbound lanes of Route 53. Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. At that time and place, a collision occurred between the motorcycle driven by JOSEPH WEBB and the semi-tractor trailer being operated by GARY DRESSER.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

961425-1　　　　　　　　　　　　　　　3

9. At that time and place, GARY DRESSER, Individually, and as the agent and employee of LOGIX TRANSPORTATION, INC., a corporation and BERGER TRANSFER & STORAGE, INC., a corporation, and each of them, was negligent in one of the following ways:

    a. Operated his motor vehicle without keeping a proper and sufficient lookout;

    b. Executed an illegal U-turn; and,

    c. Drove his motor vehicle the wrong way around traffic island.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. As a proximate result of one or more of the aforesaid acts or omissions, JOSEPH WEBB sustained injuries of a personal and pecuniary nature.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

WHEREFORE, Defendants LOGIX TRANSPORATION, INC., BERGER TRANSFER & STORAGE, INC., and GARY DRESSER deny that the Plaintiff is entitled to damages in any amount whatsoever, and demand judgment in their favor.

**FIRST AFFIRMATIVE DEFENSE**
Contributory Negligence of Joseph Webb

1. On July 13, 2007, Plaintiff, Joseph Webb ("Webb") was operating a motorcycle northbound direction of travel along Route 53 in Addison, Illinois.

961425-1       4

2. In so doing, Plaintiff Webb was under a duty of care to exercise ordinary care for his own safety.

3. Plaintiff Webb failed to exercise ordinary and reasonable care for his own safety and was then and there guilty of one or more of the following acts or omissions:

(a) Carelessly and negligently failed to keep a proper lookout for other vehicles lawfully upon the roadway;

(b) Carelessly and negligently entered the left hand lane of travel of Route 53 northbound traffic when it was not clear or safe to do so;

(c) Carelessly and negligently operated his vehicle at an unsafe and excessive rate of speed;

(d) Carelessly and negligently was inattentive while driving;

(e) Carelessly and negligently failed to avoid an accident;

(f) Carelessly and negligently failed to avoid an accident when he had the last clear chance to do so;

(g) Otherwise negligently operated his vehicle as to cause it to collide with the tractor-trailer vehicle operated by Gary Dressler.

4. One or more of the foregoing negligent acts and/or omissions proximately caused and/or contributed to the alleged damages claimed by Plaintiff Webb in his Complaint.

5. To the extent Plaintiff's fault is found to be greater than fifty-percent (50%) of the proximate cause of the injuries and damages alleged, Plaintiff is barred from recovering any damages against these Defendants pursuant to 735 ILCS 5/2-116 of the Illinois Code of Civil Procedure.

6. In the alternative, if it is determined that Plaintiff Webb's own negligence or fault was less than 51% of the occurrence, these Defendants are entitled to a reduction in any award

granted in proportion to the percentage of fault attributed to Plaintiff pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

                Respectfully submitted,
                Segal McCambridge Singer & Mahoney

                */s/ Misty R. Martin*
                Misty R. Martin, One of the Attorneys for
                Defendants LOGIX TRANSPORATION, INC.,
                BERGER TRANSFER & STORAGE, INC., and
                GARY DRESSER

Misty R. Martin (#6284999)
Kathleen McDonough (#6229813)
Segal McCambridge Singer & Mahoney
Sears Tower, Suite 5500
233 South Wacker Drive
Chicago, IL 60606
(312) 645-7800

### AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

    THE UNDERSIGNED, being first duly sworn on oath, depose and state that I am an attorney for the Defendants in the above-entitled cause; that I am informed as to the allegations that there is insufficient knowledge to form a belief as to the truth or falsity of the allegations of the Answer, and that on the basis of such information, I believe said allegations of insufficient knowledge are true.

                */s/ Misty R. Martin*
                Misty R. Martin

SUBSCRIBED and SWORN to
before me this 3rd day
of April, 2008.

_____
Notary Public

### CERTIFICATE OF SERVICE

961425-1                                         6

      The undersigned, an attorney, hereby certifies that she caused a true and correct copy of Defendants' Answer to Plaintiff's Complaint to be served upon all parties of record via this Court's electronic filing system on this 3rd day of April, 2008.

                                              /s/ Misty R. Martin  
                                              Misty R. Martin