RJB/tlb          08S-26          ARDC# 6182053

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 C 1766 |
| | ) | |
| LOGIX TRANSPORTATION, INC., | ) | |
| a corporation; BERGER TRANSFER | ) | Judge Wayne R. Anderson |
| & STORAGE, INC., a corporation; and | ) | |
| GARY DRESSER, | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF, JOSEPH WEBB'S INITIAL DISCLOSURES PURSUANT TO RULE 26 OF FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff, JOSEPH WEBB, through his attorneys, CORBOY & DEMETRIO, hereby

submits his Initial Disclosures Pursuant to Rule 26 of the Federal Court of Civil Procedure:

### INTRODUCTORY STATEMENT

Representation of facts and law herein are made in good faith.  Accordingly, this Initial

Disclosure should not be construed to limit JOSEPH WEBB's ability to introduce testimony,

facts or the identity of relevant documents as such facts, witnesses or documents become known

through discovery.   JOSEPH WEBB reserves the right to supplement this Initial Disclosure as

required.

### DISCLOSURES

### 26 (a)(1)(A)

The names, last known addresses and telephone numbers of each individual likely to have discoverable information that JOSEPH WEBB may use to support his claims or defenses and the subjects of the information.

Joseph Webb
183 Diggs Road
Pinson, Tennessee 38366

Mr. Webb is expected to testify as to his recollection of the facts of the July 13, 2007 occurrence including opinions as to speed, time and distance. He will also describe the impact and damage sustained by the vehicles. Mr. Webb will testify as to the injuries sustained and medical treatment he received as a result of the occurrence; the pain, suffering, disabilities, disfigurement, and limitations resulting therefrom; and the loss of quality of life he has sustained. Mr. Webb will also describe his physical condition prior to the July 13, 2007 occurrence. Mr. Webb will testify that he was unable to work from July 13, 2007 to January 1,2008 and due to his injuries has been unable to return to work.

Cythnia Webb
183 Diggs Road
Pinson, Tennessee 38366

Mrs. Webb is expected to testify as to her knowledge of the incident of the July 13, 2007; the injuries Joseph Webb sustained; the medical treatment he received as a result of the occurrence; the pain, suffering, disabilities, disfigurement, and limitations resulting therefrom; and the loss of quality of life he has sustained. Mrs. Webb is also expected to testify as to what she has observed in relation to the day-to-day pain levels, disabilities, disfigurement and limitations Joseph Webb experienced and still endures. Mrs. Webb will testify as to her husband's inability to work following the occurrence and the financial hardship they experienced. These opinions will be based upon her observations and personal familiarity with Joseph Webb.

Paul Marousek
President of Panel Manufacturing
326 Gerri Lane
Addison, Illinois 60101

Paul Marousek will testify as to the type of work Joseph Webb did as an employee of Panel Manufacturing. He will testify as to the loss of income Joseph Webb incurred as a result of the injuries he sustained in the July 13, 2007 occurrence. He will testify that, due to the injuries Mr. Webb incurred as a result of the occurrence, he was no longer able to perform his normal work. He will testify as to the nature of Mr. Webb's work and that Mr. Webb was a hard worker and very dependable employee. He will also testify to the affect Mr. Webb's injuries have had on him both emotionally and physically, as well as his pain, suffering, emotional distress, disability, disfigurement and the affect of his injuries.

Addison Fire Protection District 117
10 South Addison Road
Addison, Illinois  60101

Paramedic Troy Vogelmann
Paramedic Joseph McGuire
Paramedic Paul Sabaj
Paramedic Jim Leuze

If called to testify at trial, it is expected that each of the above paramedics/firefighters will testify as to their knowledge of the facts surrounding the occurrence in question; their observations of the scene of the occurrence; the care and treatment provided to plaintiff immediately following the incident; their observations of the plaintiff; the pain and suffering experienced by plaintiff; and the nature and extent of the injuries suffered.  Their opinions will be based on their training, education and experiences, as well as their treatment of Joseph Webb.

Addison Police Department
3 Friendship Plaza
Addison, Illinois 60101

Officer #405
Unidentified Officers, Employees and Agents

Officer #405 and additional unidentified officers, employees and agents of the Addison Police Department are expected to testify regarding their observations and recollection of the facts of the July 13, 2007 occurrence and the injuries sustained by the plaintiff.  They will testify regarding the condition of the roadways; speed, time, distance, and damage with respect to the vehicles involved in the occurrence.  They are expected to rely upon their education, experience and training.

Bloomingdale Towing
153 West Lake Street
Bloomingdale, Illinois 60108

Unidentified employees of Bloomingdale Towing are expected to testify as to the facts of the July 13, 2007, including their observations with regard to the vehicles and roadways involved in the occurrence and the injuries sustained by plaintiff.  They will also describe their observations as to impact and damage sustained by the vehicles.

Miguel Velazquez
511 South Harvard Avenue
Addison, Illinois 60101

Mr. Velazquez is expected to testify regarding his observations of July 13, 2007.

Alexian Brothers Hospital
800 Biesterfield Road
Elk Grove Village, Illinois 60007

Unidentified Emergency Personnel
Steven Cohen, M.D.

Dr. Steven Cohen and other unidentified emergency personnel of Alexian Brothers Hospital are expected to testify regarding their recollection of the facts of the July 13, 2007 occurrence and the injuries sustained by the plaintiff. They will testify regarding their care, examination, treatment, and testing of Joseph Webb. They will testify that Joseph Webb suffered a right ankle trimalleolar fracture in the medial, lateral, and posterior malleolus with anterior tibial fracture from the anterior distal tibia; fracture of the talus, right ankle; laceration of the right knee and upper ankle with a crush injury to the right leg and open wound into the knee joint with laceration of the quadriceps tendon. They are expected to testify that the medical bills associated with the care and treatment they rendered are causally related to the collision and resulting injury of July 13, 2007 and are reasonable and customary. They will rely upon their education, experience, training, examination and treatment of Joseph Webb.

Charles O'Laughlin, Jr., M.D., S.C. (Orthopedics)
850 Biesterfield Road, Suite 4009
Elk Grove Village, Illinois 60007

Charles O'Laughlin, M.D., S.C., will testify regarding his care, examination, treatment and surgery of Joseph Webb. He will testify that Joseph Webb suffered from a right ankle trimalleolar fracture in the medial, lateral, and posterior malleolus with anterior tibial fracture from the anterior distal tibia; fracture of the talus, right ankle; laceration of the right knee and upper ankle with a crush injury to the right leg and open wound into the knee joint with laceration of the quadriceps tendon. He is expected to testify that the medical bills associated with the care and treatment he rendered are causally related to the injury of July 13, 2007 and are reasonable and customary. He will testify that all of the injuries he treated Joseph Webb for were caused by the incident of July 13, 2007. He is expected to rely upon his education, experience, training, knowledge of the medical literature and records, examination and treatment of Joseph Webb. Please also refer to Dr. O'Laughlin's medical records and reports.

St. Alexius Medical Center
1555 Barrington Road
Hoffman Estates, Illinois 60159

Unidentified Physical Therapists

Unidentified physical therapists from St. Alexius Medical Center will testify regarding

the physical therapy treatments rendered to Joseph Webb. They will testify that the medical bills associated with the physical therapy are reasonable and causally related to the injuries of July 13, 2007. They are expected to testify as to the past and future pain, suffering, disability and disfigurement and lost of normal life Joseph Webb sustained as a result of the injury. They will testify that all of the injuries they treated Joseph Webb for were caused by the incident of July 13, 2007. They are expected to rely upon their education, experience, training, knowledge of the medical literature and records and evaluations of Joseph Webb. Also, please refer to the physical therapy records and reports.

Gary Dresser
12110 State Highway 65
McGrath, Minnesota 56350

Gary Dresser is expected to testify as to his recollection of the facts of the July 13, 2007 occurrence, including opinions as to speed, time and distance with respect to his vehicle involved in the occurrence and the injuries sustained by the plaintiff.

Logix Transportation, Inc., a corporation
2950 Long Lake Road
Roseville, Minnesota 55113

Unidentified Officers and Agents

Unidentified Officers and Agents of Logix Transportation, Inc. are expected to testify as to their knowledge of the facts of the July 13, 2007 occurrence. They will testify as to any and all agreements, contracts and business relationship they have with Gary Dresser and/or Berger Transfer & Storage, Inc., a corporation. They will testify as to their knowledge of the purpose of Mr. Dresser's business on the date of the occurrence.

Berger Transfer & Storage, Inc., a corporation
2950 Long Lake Road
St. Paul, Minnesota  55113

Unidentified Officers and Agents

Unidentified Officers and Agents of Berger Transfer & Storage, Inc., are expected to testify as to their knowledge of the facts of the July 13, 2007 occurrence. They will testify as to any and all agreements, contracts and business relationship they have with Gary Dresser and/or Logix Transportation, Inc. They will testify as to their knowledge of the purpose of Mr. Dresser's business on the date of the occurrence.

**26(a)(1)(B)**

All documents, data compilations and tangible things that are in the possession, custody or control of JOSEPH WEBB which may be used to support his claims or defenses:

(1)    Illinois Traffic Crash Report;

(2)    Photographs from the vehicles, scene of the occurrence and of plaintiff's injuries.

(3)    Medical records of Alexian Brothers Hospital, Dr. Charles O'Laughlin and St. Alexius Medical Center.

(4)    Addison Fire Department Incident Report.


## 26(a)(1)©

A computation of any category of damages claimed by Plaintiff:

Joseph Webb suffered from a right ankle trimalleolar fracture in the medial, lateral, and posterior malleolus with anterior tibial fracture from the anterior distal tibia; fracture of the talus, right ankle; laceration of the right knee and upper ankle with a crush injury to the right leg and open wound into the knee joint with laceration of the quadriceps tendon requiring surgery and physical therapy.


## 26(1)(a)(D)

Any insurance agreement under which plaintiff may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment:

Not applicable.


## 26(a)(1)(E)

Exemptions:

Not applicable.


## 26(a)(2)(A)

Non-retained Expert Witnesses:

To be disclosed in accordance with the scheduling order entered by the Court.

### 26(a)(2)(B)

Retained Expert Witnesses:

To be disclosed in accordance with the scheduling order entered by the Court.

By:    /s/ Robert J. Bingle
                Attorneys for Plaintiff

Robert J. Bingle
Corboy & Demetrio
33 North Dearborn Street
Chicago, Illinois 60602
(312) 346-3191

## PROOF OF SERVICE

I, the undersigned, being first duly sworn on oath, depose and state that a copy of the Plaintiff's Rule 26 Disclosures was served upon counsel of record via first class mail this 24th day of June, 2008.

By:    /s/ Robert J. Bingle
                Attorneys for Plaintiff

RJB/tlb          08S-26            ARDC# 6182053

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 C 1766 |
| | ) | |
| LOGIX TRANSPORTATION, INC., | ) | Judge Wayne R. Anderson |
| a corporation; BERGER TRANSFER | ) | |
| & STORAGE, INC., a corporation; and | ) | Magistrate Judge Cole |
| GARY DRESSER, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING OF PLAINTIFF'S INITIAL DISCLOSURES
## PURSUANT TO RULE 26 OF FEDERAL RULES OF CIVIL PROCEDURE

TO:   Ms. Misty Martin, Ms. Kathleen McDonough, Segal, McCambridge, Singer & Mahoney, Ltd., Sears Tower, 233 S. Wacker Drive, Suite 5500, Chicago, Illinois 60606

PLEASE TAKE NOTICE THAT ON THIS 24th day of June, 2008, plaintiff, JOSEPH WEBB sent all counsel of record his Initial Disclosures Pursuant to Rule 26 of The Federal Rule of Civil Procedure and filed this Notice of Filing with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which is hereby served upon you.

Respectfully submitted,

CORBOY & DEMETRIO, P.C.

/s/ Robert J. Bingle
Attorneys for Plaintiff, Joseph Webb

Robert J. Bingle
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiff
33 North Dearborn Street
Chicago, Illinois 60602
(312) 346-3191
ARDC# 6182053

## PROOF OF SERVICE

I, the undersigned, being first duly sworn on oath, depose and state that a copy of this Notice of Filing of Plaintiff's Rule 26 Disclosures, was served on the parties as listed above by enclosing copies of Plaintiff's Initial Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure in an envelope, sealed, postage prepaid and deposited in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois 60602 and via E-Filing on this 24th day of June, 2008.

/s/   Robert J. Bingle _____